UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAURICE EDWARD WALKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHIEF FASULO et al.,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-2099-RFB-NJK<br><br>SCREENING ORDER |

This is a *pro se* amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate. Plaintiff has submitted an application to proceed *in forma pauperis*, an amended civil rights complaint, two motions for appointment of counsel, a motion for production of documents, and a motion for offer of proof. ECF Nos. 1, 7, 9, 10, 11, 12.

**I.　*IN FORMA PAUPERIS* APPLICATION**

Before the Court is Plaintiff's application to proceed *in forma pauperis*. ECF No. 1. Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.  SCREENING OF AMENDED COMPLAINT**

In the amended complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC"). ECF No. 10 at 1. Plaintiff sues Defendants Chief Fasulo, Deputy C. Hank, Aramark, Chaplain Bonnie Pollie, and Imam Mujatlid Ramadan. *Id.* at 2-3. Plaintiff alleges three counts and seeks injunctive relief and punitive damages. *Id.* at 6, 9.

The amended complaint alleges the following: Between August 30, 2014 and December 5, 2014, Plaintiff was not able to attend Friday afternoon Islamic Jumua services. *Id.* at 4. From August 25, 2014 to the present, jail officials denied Plaintiff the right to receive Kosher-Halal meals. *Id.* On November 29, 2014, Correctional Officer Shoeboot forced Plaintiff to stop making mandatory Salat, one of the five daily Muslim prayers. *Id.* On February 25, 2015, Officer R. Jones forced Plaintiff to stop praying and put Plaintiff in handcuffs. *Id.* The sergeant and the lieutenant threatened to send Plaintiff to disciplinary housing with a notice of charges and told Plaintiff that he had to ask the officers for permission to pray. *Id.*

Through the grievance procedure, Plaintiff informed Chief Fasulo, Captain Forbus, and Deputy Hank of the violations, but they failed to respond, correct, or ensure that Plaintiff's religious beliefs would not be violated. *Id.* at 5. After Plaintiff filed this § 1983 complaint, jail officials retaliated against him. *Id.* Jail officials took away Plaintiff's facility job without merit or reason. *Id.*

Plaintiff entered the CCDC on August 25, 2014, and requested a Kosher-Halal meal. *Id.* at 6. Jail officials denied his request and told him to file a request with Chaplain Bonnie Pollie and Imam Mujatlid Ramadan. *Id.* Pollie and Ramadan denied Plaintiff's request. *Id.* They told Plaintiff that Muslims were no longer able to receive Kosher-Halal meals at CCDC because Aramark would only accommodate Kosher-Halal meals for members of the Jewish faith. *Id.*

Between August 30, 2014 and December 5, 2014, Plaintiff submitted multiple request forms to attend Friday afternoon Jumua services. *Id.* For months, jail officials told Plaintiff that he was number 124 on a wait list to attend. *Id.* On December 5, 2014, Plaintiff was finally able to attend services. *Id.* There were only six people in attendance despite jail officials' responses that the services were full. *Id.*

In Count I, Plaintiff alleges First Amendment and RLUIPA violations. *Id.* at 4. In Count II, Plaintiff alleges due process and equal protection violations. *Id.* at 5. In Count III, Plaintiff alleges First Amendment and RLUIPA violations. *Id.* at 6.

### A.     Free Exercise Clause & RLUIPA Claims

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof.  U.S. Const. amend. I.  The United States Supreme Court has held that inmates retain protections afforded by the First Amendment "including its directive that no law shall prohibit the free exercise of religion."  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  The Supreme Court has also recognized that an inmate's "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives–including deterrence of crime, rehabilitation of prisoners, and institutional security."  *Id.*  During summary judgment, courts evaluate prison regulations alleged to infringe on constitutional rights under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).  *Shabazz*, 482 U.S. at 349; *see Hrdlicka v. Reniff*, 631 F.3d 1044, 1046-50 (9th Cir. 2011) (analyzing the *Turner* factors applied during summary judgment on appeal).

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person–(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2).  "Claims brought under RLUIPA are subject to a strict scrutiny standard, which replaces the reasonableness standard employed in cases involving constitutional violations."  *Shilling v. Crawford*, 536 F.Supp.2d 1227, 1232 (D. Nev. 2008).

RLUIPA broadly defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C.A. § 2000cc-5(7)(A). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."  *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C.A. § 2000cc-3(g)).  The plaintiff bears the burden of demonstrating a

- 5 -

prima facie claim that the prison's policies or actions constitute a substantial burden on the exercise of his religious beliefs. *Id.* at 994.

The Court finds that Plaintiff states colorable claims for Free Exercise Clause and RLUIPA violations. Based on the allegations, jail officials prevented Plaintiff from praying, from attending Jumua services, and from partaking in Kosher-Halal meals. Additionally, jail officials threatened to send Plaintiff to disciplinary housing if he attempted to pray without permission. These claims shall proceed against Defendants Shoeboat, Jones, Fasulo, Forbus, Hank, Pollie, Ramadan, and Aramark.

### B.     Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)*.*

The Court finds that Plaintiff states a colorable Equal Protection Clause claim. Based on the allegations, the CCDC only provides Kosher-Halal meals to inmates of the Jewish faith but not to inmates of the Muslim faith. This claim shall proceed against Defendants Pollie, Ramadan, and Aramark.

### C.     Retaliation

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those

protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

The Court finds that Plaintiff fails to state a retaliation claim at this time. Plaintiff only concludes that jail officials took away his facility job when he filed this complaint. However, he does not provide any factual allegations to support this conclusion. For instance, Plaintiff does not identify who took his job away and does not provide any connection that the loss of the job was based on the filing of the complaint. The Court grants Plaintiff leave to amend this claim.

### D.   Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the amended complaint. If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes the original complaint and amended complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing

the deficiencies of his retaliation claim, as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action shall proceed on the Free Exercise Clause, RLUIPA, and Equal Protection Clause claims only.

### IV.   MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has filed two motions for appointment of counsel. ECF Nos. 7, 9. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motions for appointment of counsel.

### V.   MISCELLANEOUS MOTIONS

Plaintiff has filed a motion to request production of documents. ECF No. 11. The Court denies the discovery motion at this time. Plaintiff may refile this motion during discovery, if necessary, in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules.

Plaintiff has filed a motion to offer proof of evidence that he has exhausted his claims. ECF No. 12. The Court denies the motion at this time. Plaintiff may refile this motion or submit evidence of exhaustion if and when the issue of exhaustion arises.

///

///

## VI. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis,* ECF No. 1, without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Maurice Edward Walker, #1078460** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL FILE** and docket Plaintiff's amended complaint. ECF No. 10.

**IT IS FURTHER ORDERED** that the Free Exercise Clause and RLUIPA claims shall proceed against Defendants Shoeboat, Jones, Fasulo, Forbus, Hank, Pollie,

1  Ramadan, and Aramark.[1]

2  **IT IS FURTHER ORDERED** that the Equal Protection Clause claim shall proceed
3  against Defendants Pollie, Ramadan, and Aramark.

4  **IT IS FURTHER ORDERED** that the retaliation claim is dismissed, without
5  prejudice, with leave to amend.

6  **IT IS FURTHER ORDERED** that if Plaintiff chooses to file a second amended
7  complaint curing the deficiencies of his amended complaint, as outlined in this order,
8  Plaintiff shall file the second amended complaint within 30 days from the date of entry of
9  this order.

10  **IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the
11  approved form for filing a § 1983 complaint, instructions for the same, and a copy of his
12  amended complaint.  ECF No. 10.  If Plaintiff chooses to file a second amended complaint,
13  he must use the approved form and he shall write the words "Second Amended" above
14  the words "Civil Rights Complaint" in the caption.

15  **IT IS FURTHER ORDERED** that, if Plaintiff chooses not to file a second amended
16  complaint curing the stated deficiencies of the complaint, this action shall proceed on the
17  Free Exercise Clause, RLUIPA, and Equal Protection Clause claims only.

18  **IT IS FURTHER ORDERED** that the motions for appointment of counsel, ECF Nos.
19  7 and 9, are denied.

20  **IT IS FURTHER ORDERED** that the motion for production of documents, ECF No.
21  11, is denied.

22  ///
23  ///
24  ///
25  ///
26  ///

---

[1] The Court acknowledges that Plaintiff does not identify Shoeboat, Jones, or Forbus as defendants in the beginning of his complaint.  However, the Court finds that Plaintiff treats these individuals as defendants in the body of his complaint.

1      **IT IS FURTHER ORDERED** that the motion for offer of proof, ECF No. 12, is
2   denied.

4          DATED THIS 29th day of April, 2015.

   _____
   NANCY J. KOPPE
   UNITED STATES MAGISTRATE JUDGE