**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAURICE EDWARD WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHIEF FASULO et al.,<br><br>    Defendants.<br>_____ | 2:14-cv-2099-RFB-NJK<br><br>**ORDER** |

## I.  DISCUSSION

On April 29, 2015, this Court entered a screening order permitting the Free Exercise Clause, RLUIPA, and Equal Protection Clause claims proceed and dismissed the retaliation claim, without prejudice, with leave to amend.  (ECF No. 14 at 9-10).  The Court ordered Plaintiff to file a second amended complaint within 30 days from the date of that order.  (*Id.* at 10). The Court stated that, if Plaintiff chose not to file a second amended complaint curing the stated deficiencies of his complaint, the action would proceed on the Free Exercise Clause, RLUIPA, and Equal Protection Clause claims only.  (*Id.*). The thirty-day period has now expired, and Plaintiff has not filed a second amended complaint or otherwise responded to the Court's order.  As such, this case shall proceed on the Free Exercise Clause, RLUIPA, and Equal Protection Clause claims only.

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 14), the Free Exercise Clause and RLUIPA claims shall proceed against Defendants Shoeboat, Jones, Fasulo, Forbus, Hank, Pollie, Ramadan, and Aramark.

///

1     IT IS FURTHER ORDERED that, pursuant to this Court's screening order (ECF No. 14), the Equal Protection Clause claim shall proceed against Defendants Pollie, Ramadan, and Aramark.

    IT IS FURTHER ORDERED that the Clerk of Court **SHALL ISSUE** summonses for Defendants Shoeboat, Jones, Fasulo, Forbus, Hank, Pollie, Ramadan, and Aramark, **AND DELIVER THE SAME**, along with the amended complaint (ECF No. 10), to the U.S. Marshal for service. The Clerk also **SHALL SEND** to Plaintiff **eight (8)** USM-285 forms, one copy of the amended complaint and a copy of this order. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

    IT IS FURTHER ORDERED that the Court, in its discretion, may order a *subpoena duces tecum* to the custodian of records at CCDC directing the custodian to provide the first and last names and last-known addresses of the correctional officers identified in the complaint.

///
///
///
///
///
///
///
///

1    IT IS FURTHER ORDERED that, henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: This 2nd day of June, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge

3